SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

ERIKA R. FRICK (CASBN 208150)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6973
    Facsimile: (415) 436-7234
    E-Mail: erika.frick@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-0736 WHA |
| Plaintiff, ) | [PROPOSED] ORDER AND MOTION FOR CONTINUANCE OF EVIDENTIARY HEARING FROM MAY 14, 2007 TO JUNE 4, 2007 |
| v. ) | |
| DANIEL BEN NOGARA, ) | |
| Defendant. ) | Hearing Date: May 14, 2007 |

       The United States of America, plaintiff, through counsel of record Scott N. Schools, United States Attorney, and Erika R. Frick, Assistant United States Attorney, hereby moves this Court to continue the evidentiary hearing date as set forth below:

       1.     The parties appeared before Your Honor on March 27, 2007 in regards to a Form 12 for alleged supervised release violations. Specifically, Mr. Nogara has been charged with four violations of the conditions of his supervised release: (1) committing another Federal, State, or

CR 05-0736 WHA
MOTION FOR CONTINUANCE

1  local crime, in that (a) he possessed chemicals, organic solvents, glassware, and other equipment
2  known to be used in the manufacture of methamphetamine and/or MDMA, in violation of 21
3  U.S.C. § 856 (establishment of manufacturing operations),[1] and (b) he used his minor wife,
4  Evelyn NOGARA, to assist him in his drug-manufacturing endeavor, in violation of 21 U.S.C. §
5  861 (employment or use of persons under 18 years of age);[2] (2) violating the special condition of
6  supervision stating that he may not possess any drug paraphernalia; (3) violating the special
7  condition of supervision that he participate in drug treatment; and (4) violating the special
8  condition of supervision that he shall not have any surveillance cameras on his residence.

9      2.    At the March 27 appearance, the parties agreed upon an evidentiary hearing date
10 of May 14, 2007. Your Honor noted that the government would be permitted to file a motion for
11 continuance if needed, and that the government should do so as far in advance of the hearing as
12 possible.

13     3.    During the week of April 9, 2007, the government learned that it would take
14 longer than anticipated to search the laptop computers seized from Mr. Nogara's residence during
15 the search conducted by the Probation Office and the Drug Enforcement Agency ("DEA"). The
16 computers had to be shipped to the DEA's laboratory in Virginia, and the earliest return date for
17 the evidence is predicted to be May 7, 2007, just one week before the currently scheduled
18 evidentiary hearing.

19     4.    The government expects that the evidence on the Nogara laptops will be important

---

[1] There are three elements to the offense of establishing manufacturing operations under 21 U.S.C. § 856: (1) that the defendant knowingly (2) leased, rented, used, or maintained any place (3) for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

[2] The crime of using a minor to violate a drug law under 21 U.S.C. § 841(a)(1) and 861(a)(1) requires establishment of four elements: (1) the defendant knowingly used, persuaded, or coerced a minor to violate a drug law; (2) the defendant knew that the conduct at issue involved a prohibited substance; (3) the defendant was at least 18 years of age; and (4) the minor was under the age of 18 years.

CR 05-0736 WHA
MOTION FOR CONTINUANCE    -2-

to the government's case as the laptops are likely to contain written evidence linking Mr. Nogara to the chemicals, glassware, and other paraphernalia found during the search and Mr. Nogara appears to be contesting whether he was the rightful owner or recipient of those items. The government is concerned that if the evidence is further delayed due to the backlog at the DEA laboratory, the evidence may not be available for the evidentiary hearing. The government has explored other options for searching the computers, but has not found any more expeditious way to have the computer evidence reviewed.

5. In an abundance of caution, even though there is a search condition contained in the terms of Mr. Nogara's supervised release, the government has today filed a request for a search warrant with Magistrate Judge Nandor J. Vadas to search the computers. A true and correct copy of the search warrant papers is attached hereto as Exhibit A.

6. During the week of April 16, 2007, AUSA Frick also learned that the DEA agent has not yet received back many of the forensic results from laboratory tests of the chemicals found during the search of the Nogara residence. The results are expected to be returned by April 27, 2007.

7. In addition to the delays in obtaining the computer and forensic evidence, AUSA Frick will be at the National Advocacy Center in South Carolina for training and unavailable from April 23, 2007, through May 4, 2007.

8. During the week of April 9, 2007, after learning of the unexpected delay in searching the computers, AUSA Frick contacted counsel for the defendant, Martha Boersch, to alert her to this issue. Ms. Boersch indicated that she would speak to her client about a proposed continuance. On April 13, 2007, Ms. Boersch informed Ms. Frick that Mr. Nogara would not consent to any continuance.

9. Mr. Nogara is currently in custody and has been in custody since on or about March 15, 2007. If found in violation of the conditions of his supervised release by a preponderance of the evidence, Mr. Nogara faces a statutory maximum sentence of two years. His Guideline range, given a criminal history category of III and a B grade violation, is 8 to 14

CR 05-0736 WHA
MOTION FOR CONTINUANCE

months. Due to the severity of the alleged violations, the Probation Officer is recommending that Mr. Nogara be sentenced to the maximum penalty of two years. The time that Mr. Nogara is currently serving would count against any sentence that Mr. Nogara will ultimately receive. Given the strong evidence against Mr. Nogara, he is unlikely to be prejudiced by this brief continuance of the evidentiary hearing.

10. The government therefore files this opposed motion to continue the hearing until June 4, 2007, or until this Court's first available hearing date.

DATED: April 19, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/
ERIKA R. FRICK
Assistant United States Attorney

**ORDER**

For good cause shown, it is hereby ordered that the evidentiary hearing in the above-captioned matter shall be continued from May 14, 2007 to June 4, 2007, to allow sufficient time for the parties to receive and analyze computer evidence and forensic evidence relating to the alleged supervised release violations. The hearing will be at 8:00 a.m.

**IT IS SO ORDERED.**

DATED: April 25, 2007

THE HON. WILLIAM H. ALSUP
United States District Court

CR 05-0736 WHA
MOTION FOR CONTINUANCE          -4-